UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JOSEPH ROTENBERG and DOES 1-100,

        Plaintiffs,

  v.

BRAIN RESEARCH LABS LLC, a Delaware LLC, et al.,

        Defendants.

No. C-09-2914 SC

ORDER GRANTING MOTION TO REMAND

## I. INTRODUCTION

Plaintiff Joseph Rotenberg ("Plaintiff") brought this putative class action in California State Court, alleging six state-law causes of action, several of which implicate or invoke in some way provisions of federal law. See Notice of Removal ("NoR"), Ex. 1 ("Compl."). Defendants, Brain Research Labs LLC, et al. ("Defendants"), removed the action to this Court. Plaintiff has filed a Motion to Remand, Docket No. 12, and a Memorandum in Support ("Pl.'s Mem."), Docket No. 13. Defendants filed an Opposition, Docket No. 26, and Plaintiff filed a Reply, Docket No. 28. Defendants also filed a Motion for Transfer of Venue, which has been fully briefed. Docket Nos. 20, 23, 30. Having considered the briefing submitted by both parties, the Court concludes that it lacks subject matter jurisdiction over this action, and GRANTS Plaintiff's Motion to Remand. The Court

DISMISSES Defendants' Motion for Transfer of Venue AS MOOT.

## II. BACKGROUND

Brain Research Labs LLC ("BRL") is a Delaware limited liability corporation ("LLC") that is headquartered in Spokane, Washington. Compl. ¶ 5. According to Plaintiff, it is dominated and controlled by a number of partners and members (who are also named as Defendants), including 20/20 Brainpower Partners LLC, which Plaintiff alleges is a California LLC. Id. Plaintiff claims that BRL has caused false and misleading claims to be made about its product, Procera AVH (the "product"), and has sold this product without warnings about its adverse effects. Id. Plaintiff also names as Defendants seven individuals, including three California residents, who have allegedly endorsed Procera AVH. Id. ¶ 8.

Plaintiff is alleging that use of the product "may result in adverse health effects, and may interfere with a variety of prescription drugs," and that Defendants marketed the product without "clear and reasonable warnings regarding the adverse health effects." Id. ¶ 26. According to Plaintiff, Defendants are deceiving the public of California by failing to disclose these risks, and by describing the product as a "dietary supplement" rather than a "drug" in violation of both California and federal law.[1] Id. ¶¶ 27-28. Plaintiff also claims that Defendants used, in advertisements, a number of misleading claims

---

[1] Plaintiffs refer to the definition of "drug" under the California Health and Safety Code section 109925, as well as the definition of "dietary supplement" under 21 U.S.C. § 321(ff)(1).

about the benefits of the product, including the positive effects that it could have towards the treatment of particular diseases. Id. ¶¶ 29-31.

The Complaint itself has six causes of action. The first five causes of action attempt to state claims under California's Unfair Competition Law ("UCL"), California Business and Professions Code sections 17200 et seq. This provision requires a plaintiff to establish either an (1) "unlawful, unfair, or fraudulent business act or practice," or (2) "unfair, deceptive, untrue or misleading advertising." Cal. Bus. & Prof. Code § 17200. In order to support his first, second, fourth, and fifth causes of action for violations of the UCL, Plaintiff has cited and relies in part on various federal statutes and regulations that govern the labeling of food, drugs, and imported goods. Compl. ¶¶ 36, 47, 49, 61, 63, 71. Plaintiff's sixth cause of action, for violation of the California Consumer Legal Remedies Act, Cal. Civ. Code §§ 1750 et seq., alleges various facets of a "campaign to mislead consumers," and also cites a violation of federal law as support. Compl. ¶ 78.

Defendants removed this action on two independent grounds. See NoR ¶ 7. First, Defendants invoke provisions of the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). Id. ¶ 12. Second, Defendants contend that this Court has original jurisdictions under 28 U.S.C. 1441(b), because Plaintiff's claims "arise under" the laws of the United States. Id. ¶ 17.

///
///

3

## III. LEGAL STANDARD

Under 28 U.S.C. § 1441(a), a suit filed in state court may be removed to federal court if the federal court would have original jurisdiction over the action in the first instance. If a district court finds that it lacks subject matter jurisdiction, then it must remand the action to state court, as "removal is permissible only where original jurisdiction exists at the time of removal or at the time of entry of final judgment." Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26, 43 (1998).

## IV. DISCUSSION

### A. CAFA

CAFA "vests the district court with 'original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and [where the action] is a class action in which' the parties satisfy, among other requirements, minimal diversity." Abrego v. The Dow Chemical Co., 443 F.3d 676, 680 (9th Cir. 2006) (quoting 28 U.S.C. § 1332(d)). "Where the complaint does not specify the amount of damages sought, the removing defendant must prove by a preponderance of the evidence that the amount in controversy requirement has been met." Id. at 683. "Minimal diversity" requires only that any putative class member is a citizen of a different state than any defendant. See 28 U.S.C. § 1332(d)(2)(C).

Even if a suit meets all of the basic conditions for a class action under CAFA, subsection 1332(d)(4) states that "[a] district

1  court shall decline to exercise jurisdiction" over certain
2  disputes that are local in character.  These include class actions
3  where no similar class action has been filed in the preceding
4  three years, and:

>     (I) greater than two-thirds of the members of
>     all proposed plaintiff classes in the
>     aggregate are citizens of the State in which
>     the action was originally filed;
>     (II) at least 1 defendant is a defendant --
>     (aa) from whom significant relief is sought
>     by members of the plaintiff class; (bb) whose
>     alleged conduct forms a significant basis for
>     the claims asserted by the proposed plaintiff
>     class; and (cc) who is a citizen of the State
>     in which the action was originally filed; and
>     (III) principal injuries resulting from the
>     alleged conduct or any related conduct of
>     each defendant were incurred in the State in
>     which the action was originally filed.

28 U.S.C § 1332(d)(4)(A).

Whether CAFA applies to the present suit is largely a question of how Plaintiff's Complaint is construed.  Defendants assert that Plaintiff, by his Complaint, purports to represent two nationwide classes, one consisting of "all persons who purchased the Product within the last four years" and another consisting of "all persons who purchased the Product within the last three years."  Compl. ¶¶ 15, 16; Opp'n at 3.[2]  Plaintiff claims that he intended to bring this suit solely on behalf of California purchasers.  Pl.'s Mem at 2.  He cites the fact that the Complaint repeatedly asserts that Defendants' conduct "will irreparably harm Plaintiffs and the general public of California."  Compl. ¶¶ 41,

---

[2] Plaintiff seeks to establish these two nearly identical classes under two different provisions of California law, section 382 of the California Code of Civil Procedure and section 1781 of the California Civil Code.  Compl. ¶¶ 15-16.

50, 57, 66, and 73.  Plaintiff's Complaint is, for the most part, a mixed bag.  In one paragraph it vaguely suggests a class that is not bounded by any specific geographic designation, and in the next it offers a specific but fleeting reference to the California public.  For example, Plaintiff's second prayer for relief calls for restitution to "any purchaser of the Product," but his third prayer requests that Defendants "notify each and every customer . . . who was a resident of California at the time of purchase of the Product . . . and thereby provide such customers an opportunity to obtain restitution . . . ."  Compl. at 31-32.

Although the Complaint is not a model of clarity, the Court finds that the Complaint asserts claims only on behalf of California purchasers.  This is the most reasonable of the two possible readings of the Complaint.  To the extent that the Complaint does suggest a nationwide class, it is done only implicitly.  On the other hand, the references to the California public are explicit and would be incoherent if found in a Complaint purporting to speak for the public nationwide.  The prayer that notice be provided only to California purchasers would be particularly nonsensical under Defendants' reading.  Finally, Plaintiff's interpretation of his own Complaint is bolstered by the fact that it invokes only causes of action founded in California statutory law.  Compl. ¶¶ 35-81.

Once Plaintiff's Complaint is so construed, this creates several problems for Defendants' assertion of federal jurisdiction under CAFA.  First, Defendants' only basis for claiming that damages will exceed five-million dollars is that BRL has sold

6

"well over $5 million of the Product since February 2007." NoR ¶ 14; see also John Arnold Decl. ¶ 3.[3] This statement, which is not limited geographically, provides the Court with no basis for concluding that California residents have purchased more than five-million dollars of the product in the last four years. Defendants have therefore failed to meet their burden of establishing that the amount at issue in this suit satisfies CAFA.

Second, if Plaintiff is bringing an action only on behalf of California residents, then "greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed." 28 U.S.C § 1332(d)(4)(A). As noted in Part II, supra, several key defendants are California citizens for the purpose of jurisdiction.[4] Finally, the principal injuries would have likely

---

[3] John Arnold, who "manage[s] the campaign and day-to-day operations and advertising/marketing" for BRL, submitted a declaration in support of the Opposition. Docket No. 27.

[4] Specifically, 20/20 Brain Power Partners LLC, 20/20 Brain Power Founders LLC, Medhealth Direct, Inc., Arnold Bresky, Cynthia Watson, and Cheryl Sindell (five of the fifteen Defendants) are alleged to hail from California. See Compl. ¶ 1. Defendants have not sought to challenge whether the conduct of these Defendants is a "significant basis" for Plaintiff's claims or whether the relief sought from them is "significant," as required by 28 U.S.C. § 1332(d)(4)(A). Several Individual Defendants are apparently being charged with liability on the basis of their own independent conduct. See id. ¶ 8. As the Court reads the Complaint, the California Defendants are alleged to be at least as culpable as the similarly situated defendants. It is questionable whether certain of these defendants may ultimately be liable, in part because the producer of the product in question, BRL, is an LLC. However, the question is whether Plaintiff is seeking "significant relief" from these Defendants, and not whether "significant relief may be obtained." See Coffey v. Freeport McMoran Copper & Gold, No. 09-6106, 2009 U.S. App. LEXIS 19996, *12 (10th Cir. Sept. 4, 2009). In addition, "removal statutes are strictly construed against removal," Luther v. Countrywide Home Loans Servicing LP, 533 F.3d 1031, 1034 (9th Cir. 2008), and removal "must be rejected if there

7

1 occurred in California. Consequently, this suit satisfies the
2 local suit exception to CAFA, and this Court may not exercise
3 jurisdiction over the action absent some other basis.

    **B.  Jurisdiction "Arising Under" the Laws of the United States**

The Supreme Court has made it clear that invoking a federal issue or provision is not "a password opening federal courts to any state action embracing a point of federal law." Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 314 (2005). Instead, a cause of action "arises under" the laws of the United States, for the purposes of construing 28 U.S.C. § 1331, only if "a well-pleaded complaint establishes either that [1] federal law creates the cause of action or that [2] the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 27-28 (1983).

Plaintiffs allege a hodgepodge of violations of California and federal law. The federal laws all relate to the categorization of, approval requirements for, or labeling of food, drugs, or other products.[5] None of these provisions allow for

---

is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). Given these considerations, the Court finds that CAFA's local suit exception applies.

[5] To borrow from Defendants' summary, Plaintiff's Complaint invokes the following federal statutes and regulations:

- 21 U.S.C. § 331 (unlawful sale of Product as a "safe and effective drug" without F.D.A. approval);
- 21 U.S.C. § 321(ff)(1) (definition of non-drug "dietary supplement," which allegedly excludes the Product because two component substances require

United States District Court
For the Northern District of California

private rights of action. See, e.g., PDK Labs v. Friedlander, 103 F.3d 1105, 1113 (2nd Cir. 1997) (holding that no private right of action exists under the Federal Food, Drug, and Cosmetic Act). As such, there is no question as to whether a well-pleaded complaint would have invoked a federal cause of action (per the first prong of the test in Franchise Tax Board). The absence of a federal cause of action is not an absolute bar on federal jurisdiction, but may be read as "a missing welcome mat, required in the circumstances, when exercising federal jurisdiction over a state misbranding action would have attracted a horde of original filings and removal cases raising other state claims with embedded federal issues." Grable, 545 U.S. at 318 (interpreting Merrell Dow Pharms. v. Thompson, 478 U.S. 804 (1986)).

Having concluded that Plaintiff has not and could not have stated a federal cause of action, the issue must turn on whether the Complaint includes "allegations of federal law that are essential to the establishment of his claim." Lippitt v. Raymond

---

"considerable laboratory manipulation and high degree of manipulation");
- 21 U.S.C. § 342(f)(1)(a) (definition of "adulterated food," which allegedly includes the Product because it contains "unapproved drugs that pose the risk of significant and unreasonable injury");
- 19 U.S.C. § 1304 ("country of origin" labeling requirements);
- 21 C.F.R. § 101.15(a) (safety information labeling requirements);
- 21 C.F.R. § 101.9 ("food" labeling requirements); and
- 16 C.F.R. § 255.3 (requirements for expert endorsements).

Opp'n at 2-3 (citing Compl. ¶¶ 8, 27, 31-34, 35-81).

James Fin. Servs., Inc., 340 F.3d 1033, 1041 (9th Cir. 2003). This is sometimes referred to as the "artful pleading doctrine," as the focus is often on whether the plaintiff has attempted to avoid jurisdiction by omitting federal allegations, or "whether [the plaintiff] has artfully phrased a federal claim by dressing it in state law attire." Id., 340 F.3d at 1041. There is no "single, precise, all embracing" test to determine this. Grable, 545 U.S. at 314. Instead, each court must examine the particular complaint, and ask "does a state-law claim necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities[?]" Id. The Court finds that, in the case of this Complaint, it does not.

The Complaint unabashedly invokes federal law to support five of its six causes of action. However, none of these claims necessarily turns on a federal question. "[T]he Ninth Circuit has made clear that a claim supported by alternative theories in the complaint may not be characterized as 'necessarily federal' unless the federal law question is essential to each of those theories." T&E Pastorino Nursery v. Duke Energy Trading & Marketing LLC, 268 F. Supp. 2d 1240, 1248 (S.D. Cal. 2003) (citing Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996)); see also Mangini v. R.J. Reynold Tobacco Co., 793 F. Supp. 925, 927-28 (N.D. Cal. 1992) (noting that UCL allegations predicated in part on Federal Cigarette Labeling and Advertising Act did not confer jurisdiction). Each cause of action in Plaintiff's Complaint

10

offers several different theories, and no cause of action would be completely toothless if the references to federal provisions were erased. For example, Plaintiff's first cause of action includes an allegation that Defendants violated 21 U.S.C. § 331, which prohibits, among other things, the misbranding of any food or drug. Compl. ¶ 36. It also rests on a California statute that prohibits false advertising with respect to food and drugs. Id. (invoking Cal. Health & Safety Code § 109925).

Similarly, Plaintiff supports its fourth cause of action under the UCL by referring to two specific federal labeling provisions that require products manufactured abroad to be labeled as such, 19 U.S.C. § 1304, and require warning labels to be printed in sufficiently large type, 21 C.F.R. § 101.15(a). Compl. ¶¶ 61, 63. However, even if these claims prove fruitless, Plaintiff may still be able to state a claim under the UCL, because the UCL "is written in the disjunctive, it establishes three varieties of unfair competition-acts or practices which are unlawful, or unfair, or fraudulent." Lippett, 340 F.3d at 1043 (quoting Cel-Tech Communs., Inc. v. Los Angeles Cellular Tel. Co., 20 Cal. 4th 163, 180 (1999)). Indeed, the fourth cause of action not only tries to show that Defendants' practices are unlawful by their violation of federal law; it explicitly sets out at least two "separate and independent" theories of fraud based on Defendant's labeling practices. Compl. ¶¶ 62, 64-65. In other words, Plaintiff has pled that the Defendants' activities were "unfair or deceptive even if not unlawful." C.f. T&E Pastorino Nursery, 268 Fed. Supp. 2d at 1249 (quoting Hendricks v. Dynegy

11

Power Mktg., Inc., 160 F. Supp. 2d 1155, 1161 (S.D. Cal. 2001)).

The Supreme Court has found that similar state-law claims that rest upon violations of federal food and drug labeling requirements do not confer federal jurisdiction. See Merrell Dow, 478 U.S. 804 (interpreting complaint that used mislabeling to establish negligence as a matter of law). Plaintiff is not treading upon an area of law that is peculiarly federal in character. C.f. Garble, 545 U.S. at 310 (noting the "national interest in providing a federal forum for federal tax litigation," where quiet title action turned on this issue). Nor is this an area of law that has been assigned to the exclusive jurisdiction of the federal fourts. C.f. Sparta Surgical Corp. v. Nat'l Ass'n of Sec. Dealers, 159 F.3d 1209, 1212-13 (9th Cir. 1998) (noting that federal courts had exclusive jurisdiction over claims concerning duties created by a securities association registered with the Securities and Exchange Commission). Instead, as Plaintiff's Complaint amply demonstrates by its clusters of parallel citations, the area of drug labeling is policed by both state and federal law. Congress has not conferred on federal courts the authority to enforce the labeling requirements on which Plaintiff's rely, but Defendants' position would give plaintiffs everywhere (or at least in California) a relatively straightforward path to federal courts. At the same time, California has created both similar advertising restrictions, see, e.g., Cal. Health & Safety Code § 109925, and a cause of action that may be used to enforce them, Cal. Bus. & Prof. Code §§ 17200 et seq. Consequently, this Court's finding comports with the

12

congressionally approved balance of federal and state judicial responsibilities.

## V. CONCLUSION

Plaintiff's Complaint does not implicate a federal question, nor does it necessarily trigger federal jurisdiction under the Class Action Fairness Act. Consequently, this Court lacks jurisdiction over Defendants' Motion for Transfer of Venue. Defendants' Motion for Transfer of Venue is therefore DISMISSED AS MOOT. In addition, Plaintiff's Motion to Remand is hereby GRANTED. This action shall be REMANDED to Superior Court of California, County of Marin.

IT IS SO ORDERED.

September 15, 2009

_____
UNITED STATES DISTRICT JUDGE